# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5262 | **DATE** | 2/11/2004 |
| **CASE TITLE** | Weber-Stephen Products Co vs. Gardena Norge | | |

**MOTION:**    [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Status hearing held. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss is granted [11-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | FEB 1 2 2004 | | 15 |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| MF | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WEBER-STEPHEN PRODUCTS CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 C 5262 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| GARDENA NORGE A/S, GARDENA | ) | |
| DANMARK A/S, GARDENA | ) | |
| NEDERLAND B.V., AND GARDENA | ) | |
| HOLDING (AG) GmbH, | ) | |
| | ) | FEB 1 2 2004 |
| Defendants. | ) | |

DOCKETED

FEB 1 2 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Weber-Stephen Products Co. ("Weber"), filed suit against Defendants, Gardena Norge A/S, Gardena Danmark A/S, Gardena Nederland B.V., and Gardena Holding (AG) GmbH (collectively "Gardena"), seeking monetary damages for breach of contract and a declaratory judgment determining that Weber is not liable to Gardena for any violations of law (including breach of contract, tortious interference, fraud, constructive fraud, conversion, conspiracy and violations of the Illinois Franchise Disclosure Act of 1987) arising out of its contractual duties and responsibilities with respect to the Norwegian, Danish or Dutch Distributor Agreements. Presently pending before the Court is Defendants' Motion to Dismiss.

## BACKGROUND

A reading of Weber's Complaint, including the documents attached to the Complaint, as well as Gardena's Complaint filed in the United States District Court for the Western District of Virginia, supports the following summary of the alleged operative conduct of the parties.

15

On October 1, 1997, Weber and Gardena Norge entered into a Distributor Agreement pursuant to which Gardena Norway would be the exclusive distributor for specified Weber products for Norway. Weber and Gardena Danmark entered into a similar agreement on March 31, 1998. Weber and Gardena Holland also entered into such an agreement on September 1, 1999. The Norwegian Distributor Agreement was to expire on September 30, 2000; the Danish Distributor Agreement was to expire on August 31, 2000; and the Dutch Distributor Agreement was to expire on August 31, 2001.

On April 27, 2000, Weber notified Gardena Holding (AG) GmbH that it intended to terminate its contracts with Gardena and in the future would distribute its own products. Weber formed Weber Scandanavia A/S and Weber Nederland, B.V. to distribute said products.

On May 23, 2003, Virginia counsel for Gardena notified Weber in a letter that Gardena Holland would assert claims in the United States District Court for the Western District of Virginia against Weber arising out of the Norwegian Distributor Agreement, the Danish Distributor Agreement, and the Dutch Distributor Agreement on behalf of its subsidiaries, including Gardena Norge, Gardena Danmark, and Gardena Holland. The letter also invited Weber to discuss settlement of the issues before Gardena would file its claims and requested a response by June 30, 2003. Gardena received no response from Weber to this May 23rd letter. However, on June 25, 2003, Weber filed the instant complaint in the Circuit Court of Cook County. In July 2003, Gardena removed the case from the Circuit Court of Cook County to this Court.

On July 31, 2003, Gardena filed its own complaint in the United States District Court for the Western District of Virginia against Weber for breach of contract, tortious interference, fraud,

statutory conspiracy, civil conspiracy, unjust enrichment, constructive fraud, and violation of the

Illinois Franchise Disclosure Act of 1987 (fraud and wrongful termination of franchise agreement).

## ANALYSIS

Gardena argues that Weber has filed a declaratory action in this Court as a preemptive strike

in anticipation of Gardena's lawsuit in the Western District of Virginia.

In general, federal courts have observed the "first to file" rule, under which the first suit filed

receives priority. *See Natural Gas Pipeline Co. of Amer. v. Union Pac. Res. Co.*, 750 F. Supp. 311,

313 (N.D. Ill. 1990) (*Natural Gas*). However, the Seventh Circuit has never adhered to this rigid

"first to file" rule. *Natural Gas*, 750 F. Supp. at 313.

Federal courts have the discretion to decline to hear a declaratory judgment action, even

though it is within their jurisdiction. *Tempco Elec. Heater Corp. v. Omega Eng'g., Inc.*, 819 F.2d

746, 747 (7th Cir. 1987) (*Tempco*). Dismissal of a declaratory action is proper when, as a result of

the pendency of another suit, the suit for declaratory relief will serve no useful purpose. *See Tempco*,

819 F.2d at 747-49. The federal declaratory judgment is not a prize to the winner of the race to the

courthouse. *Tempco*, 819 F.2d at 750. This rule applies to declaratory judgment actions designed

to preempt not only infringement suits but other lawsuits as well. *Natural Gas*, 750 F. Supp. at 314.

When the accused party has not been unfairly deprived of an opportunity to adjudicate its rights, a

declaratory judgment is unnecessary. *Eli's Chicago Finest, Inc. v. The Cheesecake Factory, Inc.*,

23 F. Supp. 2d 906, 908 (N.D. Ill. 1998) (*Eli's Chicago Finest*).

Allowing a potential defendant to make a procedural preemptive strike robs the natural

plaintiff of his ability to select his forum. *Eli's Chicago Finest*, 23 F. Supp. 2d at 909. Furthermore,

prohibiting a race to the courthouse encourages settlement and discourages costly duplicate litigation.

*Eli's Chicago Finest*, 23 F.Supp.2d at 909. A potential defendant should not respond to accusations of a potential plaintiff by rapidly bringing a declaratory judgment suit in hopes of securing a favorable forum. *Eli's Chicago Finest*, 23 F.Supp.2d at 909. Therefore, a declaratory judgment suit with the express purpose of wresting the choice of forum from the 'natural' plaintiff is generally dismissed, whereby the case can then proceed in the usual way. *M Credit, Inc. v. Cadlerock, L.L.C.*, 2003 WL 21800017 (N.D. Ill. 2003).

In the instant case, Weber responded to Gardena's letter and threat of litigation by rapidly bringing its own declaratory judgment suit in its chosen forum. Weber argues that it filed its action because the Western District of Virginia is an inappropriate forum for Gardena's suit against Weber and also because the Virginia complaint is invalid on its face. These arguments are properly addressed to the Virginia federal court hearing the breach of contract action rather than in this declaratory judgment action.

Weber also asserts that since Weber's Illinois action against Gardena is not merely a declaratory judgment action, Gardena's motion should be dismissed. However, the fact that the declaratory judgment action also includes other claims for relief does not prevent its dismissal when the main purpose of the action is for declaratory relief, and any other claims can be brought as counterclaims in the other pending action. *Natural Gas*, 750 F. Supp. at 314-15.

Weber also argues that this Court need not dismiss declaratory actions it deems inappropriately filed in contexts other than trademark infringement. However, "The rule set forth in *Tempco* (cited by this Court above) applies to declaratory judgment actions designed to preempt not only infringement suits, but other lawsuits as well." *Natural Gas*, 750 F. Supp. at 314. It is not controlling that the competing suits filed in this case are not trademark infringement actions.

4

Contrary to its arguments in this case, in 1993, Weber argued in opposition to a motion to stay that a delay of negotiations and a "race to the courthouse" as a means of forum shopping was inexcusable. *See Weber-Stephen Products Co. v. Ivy Mar Co., Inc.*, 1994 WL 11711 (N.D. Ill.) (*Weber-Stephen Products*). Weber argued, "Such conduct . . . smacks of forum shopping and is exactly the type of equitable concern which mandates that exception be taken from the first-filed rule." *Weber-Stephen Products*, 1994 WL 11711 (N.D. Ill.). The court, in that case, agreed that the first-to-file rule was not compelling, and the motion to stay was denied. *Weber-Stephen Products*, 1994 WL 11711 (N.D. Ill.).

## CONCLUSION

For the foregoing reasons, Gardena's Motion to Dismiss is granted.

Dated: February 11, 2004

JOHN W. DARRAH
United States District Judge